UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---------------------------------------------------------x
CLAUDIA BARNETT,                                    :
                                                    :    CASE NO.:
            Plaintiff,                              :
                                                    :    Judge:
vs.                                                 :
                                                    :
                                                    :    Magistrate:
MWA PERKINS CLUB, L.L.C.,                           :
                                                    :
            Defendant.                              :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, CLAUDIA BARNETT, by and through her undersigned counsel, hereby files this Complaint and sues defendant MWA PERKINS CLUB, L.L.C. (hereinafter "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, (hereinafter "ADA"); the Louisiana Commission on Human Rights, La. Rev. Stat. Ann. § 51:2231 et. seq., (hereinafter "LCHR"); and the Louisiana Statutes on the Rights of Persons with Disabilities, La. R.S. § 46:1951, *et seq.* (hereinafter "LSRPD"); and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief and damages pursuant to Title III of the ADA, the LCHR, and the LSRPD.

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as the facts which give rise to Plaintiff's ADA claim also give rise to Plaintiff's state-law claims.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, CLAUDIA BARNETT, (hereinafter "MS. BARNETT"), is a person of the age of majority and a citizen of the State of Louisiana.

5. Upon information and belief, MS. BARNETT is a resident of East Baton Rouge Parish, Louisiana.

6. MS. BARNETT is a qualified individual with a disability, as defined by 42 U.S.C. § 12102.

7. MS. BARNETT has Post Traumatic Stress Disorder that causes her anxiety, depression, and self-harm behaviors. MS. BARNETT also has a spinal injury which limits her ability to pick up items off the ground.

8. Due to her disability, MS. BARNETT is substantially impaired in several major life activities such as thinking and cognition. MS. BARNETT uses a service animal to safely visit places of public accommodation and interact with other members of society.

9. MS. BARNETT's service animal is individually trained to perform tasks for her, within the meaning of 28 C.F.R. § 36.104.

10. Specifically, MS. BARNETT's service animal is a dog that has been individually trained to assist MS. BARNETT by using scent to alert MS. BARNETT to her panic attacks before they occur, to perform deep pressure therapy during those instances to de-escalate the situation, to alert MS. BARNETT to certain behaviors, and to pick up items off the ground that MS. BARNETT is unable to pick due to her spinal injury.

11. To obtain her trained service animal, MS. BARNETT had to pay approximately $28,000.

12. MS. BARNETT's use of a service animal was prescribed by a licensed medical

professional.

13. Upon information and belief, DEFENDANT is a business corporation organized in the State of Louisiana and doing business in East Baton Rouge Parish.

14. Upon information and belief, DEFENDANT is the owner and/or operator of the real properties and improvements which are the subject of this action, to wit: the Spectrum Fitness, located at 7069 Perkins Road, Baton Rouge, Louisiana 70808. (hereinafter referred to as "the Property").

15. Upon information and belief, the Property is a fitness center.

16. MS. BARNETT has visited the Property for fitness services.

17. As the operator of a public of public accommodation, DEFENDANT is obligated to comply with the ADA, the LCHR, and the LSRPD.

18. All events giving rise to this lawsuit occurred in the Middle District of Louisiana, East Baton Rouge Parish, Louisiana.

## FACTUAL STATEMENT

19. MS. BARNETT repeats and realleges all preceding paragraphs in support of this claim.

20. Upon information and belief, MS. BARNETT's dog is specially trained to perform tasks for her, namely to alert MS. BARNETT to panic attacks before they occur, to perform deep pressure therapy during those instances to de-escalate the situation, to alert MS. BARNETT to certain behaviors, and to pick up items off the ground that MS. BARNETT is unable to pick due to her spinal injury.

21. The Property is a gym for exercise and fitness.

22. MS. BARNETT had been to the gym many times before.

23. MS. BARNETT obtained her service animal in the summer of 2024. As such, MS. BARNETT was acclimating to regularly taking her service animal with her to different locations.

24. On Monday, December 16, 2024, MS. BARNETT went to the Spectrum Fitness, and she brought her service animal.

25. MS. BARNETT's service animal is house broken, and was on a leash, was under control, and was not causing a disturbance.

26. MS. BARNETT entered the Property, checked in, and went upstairs and commenced her fitness regime.

27. Without provocation, MS. BARNETT was then confronted by the Spectrum Fitness employee who worked at the front desk. Said employee told MS. BARNETT that his manager was not sure if MS. BARNETT's service animal was allowed and that MS. BARNETT needed to come downstairs.

28. MS. BARNETT went downstairs as requested.

29. MS. BARNETT explained that her dog was a service animal.

30. Once downstairs upon return to her desk, the employee got on the phone with his manager. He was on the phone for a couple of minutes, and upon hanging up informed MS. BARNETT that she could not be on the property with the dog.

31. Despite this, the Spectrum Fitness employee insisted that MS. BARNETT's service animal was not allowed in the Property. MS. BARNETT learned that this decision had

come from the Spectrum Fitness manager, Bridget.

32. MS. BARNETT asked if she could speak with the manager via the employee's phone, but was told "no, I can't do that."

33. The Spectrum Fitness employee made it clear that MS. BARNETT was not permitted inside the Property with her service animal. As such, MS. BARNETT exited the building and went to her vehicle. From there, she called the police.

34. The manager claimed that she was "unaware" of the laws governing service animals in a place of public accommodation.

35. MS. BARNETT estimates that the encounter with DEFENDANT lasted approximately three hours, which includes time spent waiting for the police.

36. After conducting their investigation, MS. BARNETT was not advised that she was permitted back in that day with her service animal. As such, MS. BARNETT left the Property.

37. Later that day, MS. BARNETT received a call from the manager. The manager made several excuses for why MS. BARNETT was not permitted into the facility.

38. The manager claimed that she was unable to speak with MS. BARNETT because she was "on the interstate."

39. At no time did the manager apologize.

40. Later that day, on December 16, at 7:14 p.m., MS. BARNETT sent an email to Mr. Chris Purvis, the owner of Spectrum Fitness. In the email, MS. BARNETT explained the situation and requested that remedial action be taken.

41. MS. BARNETT did not receive any response whatsoever from Mr. Purvis.

42. MS. BARNETT did not receive any written response confirming that any policies, procedures, or practices had been changed to ensure that she would not be ejected from the Property in the future.

43. MS. BARNETT did not receive a written assurance that she would be permitted into the Property in the future.

44. MS. BARNETT desires to return to the Property in the near future to exercise and perform fitness activities.

45. However, until DEFENDANT's policies and procedures are permanently changed, and MS. BARNETT has written assurance that she will not ejected from the Property, MS. BARNETT is deterred from returning to the Property.

46. Given her deterrence, and given the Property charges a monthly membership, MS. BARNETT cancelled her membership.

47. MS. BARNETT is willing to resume her membership once DEFENDANT's policies and procedures are permanently changed.

48. Without consistent access to her service animal, MS. BARNETT is at risk of injury and/or inability to participate to the same degree as non-disabled persons.

49. Without consistent access to her service animal, MS. BARNETT is worried about her disability and the possibility of injury. As a result, MS. BARNETT is unable to fully focus, be present in her surroundings and receive the benefit of DEFENDANTS's property and services.

50. As a result of DEFENDANT's actions and failure to accommodate, MS. BARNETT has and is continuing to suffer the following damages:

    - Mental and emotional distress and anxiety;
    - Invasion of her civil rights.

51. MS. BARNETT actively needs to bring her service animal to the Property. In the absence of injunctive relief, MS. BARNETT possesses no means of forcing or compelling DEFENDANT to comply with the mandates of federal and civil rights law.

52. MS. BARNETT sues over DEFENDANT's active and continuous violation of federal civil rights law, and active and continuous failure to reasonably accommodate MS. BARNETT.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

53. MS. BARNETT repeats and realleges all preceding paragraphs in support of this claim.

54. At all times relevant to this action, the Americans with Disabilities Act, 43 U.S.C. § 12181, *et. seq*. has been in full force and effect and has applied to DEFENDANT's conduct.

55. DEFENDANT owns and/or operates a place of public accommodation.

56. By failing to permit MS. BARNETT to enter its Property with her service animal, DEFENDANT failed to make a reasonable accommodation/modification.

57. By failing to permit MS. BARNETT to enter its Property with her service animal, DEFENDANT violated the ADA regulations which expressly require that places of public accommodation permit an individual to bring their service animal.

58. By failing to permit MS. BARNETT to enter its Property with her service animal, Defendant failed to provide MS. BARNETT with an equal opportunity to participate to the same degree as non-disabled people visiting the Property.

59. To remedy DEFENDANT's ongoing and continuous discriminatory conduct, MS. BARNETT is entitled to seek and recover injunctive relief.

60. MS. BARNETT has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs, and litigation expenses from the DEFENDANT pursuant to 42 U.S.C. § 12205.

## COUNT II - VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

61. MS. BARNETT repeats and reiterates every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

62. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., has been in full force and effect and has applied to the conduct of DEFENDANT.

63. At all times relevant to this action, MS. BARNETT has experienced substantial limitation to her major life activities, as alleged above; accordingly, MS. BARNETT has been an individual with a disability within the meaning of the LCHR.

64. At all times relevant to this action, DEFENDANT has qualified as a place of public accommodation defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government

funds.

65. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

66. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

67. DEFENDANT discriminated against MS. BARNETT, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by prohibiting her from entering the Property with her service animal. For the same reasons that DEFENDANT violated the ADA, DEFENDANT violated the LCHR.

68. DEFENDANT and its employees discriminated against MS. BARNETT by excluding her from and denying her the benefits of the DEFENDANT's programs or activities. DEFENDANT's employees excluded, denied benefits to, and otherwise subjected MS. BARNETT to discrimination, on the basis of her status as a person with a disability with a service animal, by ejecting MS. BARNETT from the Property because of her service animal.

69. DEFENDANT and its employees were aware of the fact that MS. BARNETT's dog was a service animal, as MS. BARNETT had clearly communicated the dog's role to DEFENDANT and its employees.

70. MS. BARNETT was injured by the DEFENDANT's discrimination and sues under the LCHR to recover compensatory damages for the injuries and loss she sustained as a result of DEFENDANT's discriminatory conduct.

71. MS. BARNETT prays for a recovery of compensatory / actual damages sustained by her through the date of trial.

72. In addition to compensatory damages, MS. BARNETT prays for and seeks nominal damages. It is MS. BARNETT's position that an award of nominal damages would confer significant civil rights to the public, as a judgment in her favor against DEFENDANT, regardless of the amount, would deter entities from discriminating against disabled individuals in the future, would lead to change to DEFENDANT's policies / practices, and would spark public discussion on the need to accommodate individuals with disabilities.

73. MS. BARNETT is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR. LA. REV. STAT. ANN. § 51:2264.

## COUNT III - VIOLATIONS OF THE LOUISIANA STATUTES ON THE RIGHTS OF PERSONS WITH DISABILITIES

74. MS. BARNETT repeats and reiterates every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth at length herein.

75. At all times relevant to this action, the Louisiana Statutes on the Rights of Persons with Disabilities, La. R.S. § 46:1951 *et seq.* was in full force and effect and applied to DEFENDANT's conduct.

76. The LSRPD states, "Every person with a disability shall be entitled to full and equal

accommodations, advantages, facilities, and privileges in … (3) places of public accommodation." Moreover, "Every person with a disability may be accompanied by a service dog, especially trained to aid such person, in any of the places" articulated therein, including places of public accommodation. La. R.S. § 46:1953(B)(3) and (C).

77. At all times relevant to this action, the LSRPD, at La. R.S. § 46:1952(3), incorporated the definition of disability in the Rehabilitation Act, 29 U.S.C. § 705(9).

78. At all times relevant to this action, MS. BARNETT had substantial limitations to her major life activities, as detailed above, within the meaning of the LSRPD, La. R.S. § 46:1952(3).

79. At all times relevant to this action, DEFENDANT was a place of public accommodation within the meaning of the LSRPD.

80. A "Violation of Rights" pursuant to the LSRPD includes "any … agent … or employee of any … corporation who withholds, denies, deprives …; [or] intimidates … a person with a disability … for exercising his right to be admitted to or enjoy the places and facilities provided in this Chapter; or otherwise interferes with the rights of a person with a disability under this Chapter …" La. R.S. § 46:1956(A).

81. DEFENDANT's employee and agent withheld, denied, or otherwise deprived MS. BARNETT access to the Property after MS. BARNETT attempted to exercise her right to use the facility, as a person with a disability, accompanied by her service dog.

82. For the same reasons that DEFENDANT violated the ADA, DEFENDANT violated the LSRPD.

83. The LSRPD provides for the payment of actual damages for any economic loss to any person with a disability whose rights are violated pursuant to the statute. La. R.S. §

46:1956(C).

84. Due to the DEFENDANT's discriminatory treatment of MS. BARNETT and/or failure to accommodate, MS. BARNETT suffered damages, as outlined above.

85. MS. BARNETT seeks recovery of actual damages for all economic loss to her through the date of trial, pursuant to La. R.S. § 46:1956(C).

86. In addition to compensatory damages, MS. BARNETT prays for and seeks nominal damages. It is MS. BARNETT's position that an award of nominal damages would confer significant civil rights to the public, as a judgment in his favor against DEFENDANT, regardless of the amount, would deter entities from discriminating against disabled individuals in the future, would lead to change to DEFENDANT's policies / practices, and would spark public discussion on the need to accommodate individuals with disabilities.

87. MS. BARNETT further prays that injunctive relief, as well as an award of attorneys' fees and costs, be awarded under the LSRPD.

## **PRAYER FOR RELIEF**

WHEREFORE, MS. BARNETT demands judgment against DEFENDANT, and requests the following injunctive relief, compensatory damages, nominal damages, and attorneys' fees and costs:

A. Enter permanent and/or preliminary and injunctive relief pursuant to the ADA, the LCHR, and the LSRPD. The full scope of requested injunctive relief is to be determined as the case proceeds, but Plaintiff's initial request is as follows:

    i. That MS. BARNETT be permitted to attend the Property with her service animal and any replacement service animal(s), and that she receive written

        assurance from DEFENDANT that she will not be ejected for having a service animal;

   ii.    That DEFENDANT be ordered to develop written policies/procedures concerning the admission of patrons with service animals;

   iii.   That DEFENDANT be ordered to develop policies/procedures concerning not making unreasonable inquiries concerning service animals; and

   iv.   That DEFENDANT be ordered to submit its staff to training on the requirements of the ADA.

B. Award to MS. BARNETT:

   i.    Compensatory / actual damages under the LCHR and LSRPD;

   ii.   Nominal damages pursuant to the LCHR and LSRPD;

   iii.  Reasonable costs and attorneys' fees pursuant to the ADA, the LCHR, and the LSRPD;

   iv.  Interest on all amounts at the highest rates and from the earliest dates allowed by law;

C. That this Court award such other and further relief as it deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

MS. BARNETT demands trial by jury on all issues so triable.

Dated: January 8, 2025

                                  [Signature Block on Following Page]

Respectfully Submitted,

**BIZER & DeREUS, LLC**
*Attorneys for Plaintiff*

/s/ Garret S. DeReus
ANDREW D. BIZER (LA # 30396)
GARRET S. DeREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
         gdereus@bizerlaw.com
         eva@bizerlaw.com